**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4163**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMJUAN DWAYNE ELLIS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00011-D-1)

Submitted:  December 14, 2023                    Decided:  January 4, 2024

Before HARRIS, Circuit Judge, and MOTZ and TRAXLER, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimjuan Dwayne Ellis, Jr., appeals the 120-month sentence imposed on resentencing following his guilty plea to possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Ellis argues his sentence is procedurally unreasonable because the district court did not adequately explain its reasons for rejecting one of his mitigating arguments. We affirm.

We review criminal sentences for procedural reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Importantly, "a district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019). A district court satisfies this requirement "if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted). At bottom, the district court's "explanation need not be exhaustive or robotically tick through the [18 U.S.C.] § 3553(a) factors," but it "must be sufficient to satisfy the appellate court that the district court has considered the parties'

2

arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up); *see also United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) ("The adequacy of the sentencing court's explanation depends on the complexity of each case." (cleaned up)).

Here, when discussing its chosen sentence, the district court specifically mentioned Ellis' mitigating arguments—including his argument regarding his brain development at the time of the offense—before explaining that it found those arguments were outweighed by the seriousness of the offense, Ellis' criminal history, and the needs to protect the public and afford adequate deterrence. The court specifically engaged with defense counsel's arguments regarding Ellis' childhood and brain development, and it explicitly stated that it had considered those arguments when choosing an appropriate sentence. These comments sufficiently demonstrate that the district court "considered [Ellis'] arguments and ha[d] a reasoned basis for exercising its own legal decisionmaking authority." *Friend*, 2 F.4th at 379 (internal quotation marks omitted).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*